OPINION
{¶ 1} M M Grill, Inc., appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court affirmed the order of the Ohio State Liquor Control Commission ("commission"), appellee, denying renewal of appellant's liquor permit for 2002-2003 and 2003-2004.
 {¶ 2} Appellant is the liquor permit holder for an establishment, M M Grill, located in Columbus, Ohio. The city of Columbus ("city") objected to the renewal of appellant's permit for 2002-2003. By letter dated February 20, 2003, the Superintendent of the Division of Liquor Control ("superintendent") informed appellant that its 2002-2003 and 2003-2004 renewal applications had been denied. Appellant appealed the superintendent's order to the commission and, on February 24, 2004, the commission held a hearing. Nine witnesses testified on behalf of appellant, and one witness testified on behalf of the city. On March 4, 2004, the commission issued an order affirming the order of the superintendent.
 {¶ 3} On March 23, 2004, appellant appealed the commission's order to the Franklin County Court of Common Pleas. On September 29, 2004, the trial court issued a decision affirming the commission's order. The trial court entered judgment on October 25, 2004. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The Franklin County Common Pleas Court erred when it affirmed the Liquor Control Commission's Order of Non-Renewal and found the Order was supported by reliable, probative and substantial evidence.
 {¶ 4} Appellant argues in its assignment of error that the trial court erred in finding that the commission's order was supported by reliable, probative, and substantial evidence. Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is "supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12. "Reliable" evidence is evidence that is dependable and may be confidently trusted. Our Place, Inc. v. Ohio LiquorControl Comm. (1992), 63 Ohio St.3d 570, 571. In order to be reliable, there must be a reasonable probability that the evidence is true. Id. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. Id. "Substantial" evidence is evidence with some weight; it must have importance and value. Id.
 {¶ 5} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Veterinary Medical Bd.
(1981), 2 Ohio App.3d 204, 207, quoting Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280. Even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 6} An appellate court's standard of review in an administrative appeal is more limited than that of a common pleas court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. It is not the function of the appellate court to examine the evidence. Id. The appellate court is to determine only if the trial court has abused its discretion. Id. Abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, an appellate court may not substitute its judgment for that of an administrative agency or a trial court. Id. Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. Big Bob's, Inc.v. Ohio Liquor Control Comm., 151 Ohio App.3d 498, 2003-Ohio-418, at ¶ 15. Accordingly, we must also determine whether the common pleas court's decision is in accordance with law.
 {¶ 7} The superintendent denied appellant's permit renewals based upon R.C. 4303.292(A)(1)(b) and 4303.292(A)(2)(c). R.C. 4303.292(A)(1)(b) provides that the division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds:
(1) That the applicant, or any partner, member, officer, director, or manager of the applicant, or, if the applicant is a corporation or limited liability company, any shareholder owning five per cent or more of the applicant's capital stock in the corporation or any member owning five per cent or more of either the voting interests or membership interests in the limited liability company:
* * *
(b) Has operated liquor permit businesses in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state[.]
R.C. 4303.292(A)(2)(c) provides that the division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds:
(2) That the place for which the permit is sought: * * *
(c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation under it by the applicant[.]
Further, pursuant to R.C. 4303.271, a permit holder is entitled to renewal of its liquor permit unless good cause exists to reject the renewal application. Marciano v. Ohio Liquor Control Comm., Franklin App. No. 02AP-943, 2003-Ohio-2023; In re Appeal of Mendlowitz (1967),9 Ohio App.2d 83, 86.
 {¶ 8} In affirming the commission's order and finding there was reliable, probative, and substantial evidence relating to each of the grounds listed as a basis for denial of the liquor permit, the trial court in the present case cited numerous incidents that occurred in and around appellant's bar, but largely relied upon the following three incidents: (1) a bar manager fired shots inside the bar; (2) an assault with a baseball bat occurred inside the bar; and (3) a shooting took place in the immediate vicinity of the bar. Appellant's main argument is that the trial court erred when it improperly relied upon these three specific incidents to support the commission's order. The commission counters that these three incidents, as well as the other incidents cited during the hearing before the commission, support the commission's permit denial pursuant to R.C. 4303.292(A)(1)(b) and 4303.292(A)(2)(c).
 {¶ 9} With regard to the assault with a baseball bat, appellant contends that an employee was forced to use a bat only after an intruder broke a window with a brick and entered the premises. However, this incident is not the one to which the trial court was referring in its decision. The incident the trial court was referring to occurred on January 1, 2002. A police report contained in the record indicates that, on this date, a man entered into an argument inside appellant's bar with two patrons who then assaulted him with a baseball bat and beer bottle. The victim required staples in his head. This court has previously found that evidence of fighting in and around the permit premises is relevant to the determinations under R.C. 4303.292(A)(1)(b) and 4303.292(A)(2)(c). See Nijmeh, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 03AP-78, 2003-Ohio-4761, at ¶ 13, 21 (citing evidence of fighting at the permit premises in making determinations under R.C. 4303.292[A][1][b] and4303.292[A][2][c]); Elbireh Empire, Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 02AP-1124, 2003-Ohio-2484, at ¶ 30, 35 (evidence of fighting in and around permit premises cited in support of determination under R.C. 4303.292[A][2][c]). Therefore, we find the trial court did not abuse its discretion in relying upon this incident, and appellant's argument to the contrary is without merit.
 {¶ 10} Appellant next contends that the trial court improperly relied upon evidence relating to a shooting that took place near the permit premises. Appellant asserts this incident occurred when a local merchant down the street from its premises was shot and came into the bar for assistance. Appellant claims the incident does not reflect upon whether the bar is a substantial burden on the community. However, appellant fails to acknowledge the disturbing details of its employees' involvement with the incident. Columbus Division of Police Detective Alan Brown testified before the commission that the local merchant was shot outside appellant's bar and entered the bar for help, but was declined help by the employees and told to leave. Even after the victim left, the bar employees never telephoned for an emergency squad or police. Although the victim staggered down the road and eventually flagged down a police cruiser, he later died. Detective Brown stated that police officers then went to appellant's bar and found an employee mopping up the victim's blood with a phone to his ear. When the officers asked the employee why he did not call for medical assistance, the employee said the phone was not working. David Brown, a former employee and patron of the bar, gave a slightly different account of the shooting. He testified that the shooting victim left the bar with a friend to rob an older man. The older man shot the victim, and when the victim came back inside the bar, an employee told the victim to leave and said she was not going to call the police because it would look bad for the bar. Regardless of which account is accurate, both accounts offend public decency and demonstrate the permit holder's disregard for the law. See Maggiore v. Ohio Liquor ControlComm. (Mar. 29, 1996), Franklin App. No. 95APE06-713 (testimony that a neighbor went into a store to call the police when a gunfight was occurring on the premises but that the employees told her they were not allowed to call the police supported the commission's finding that the renewal application should be rejected based upon R.C. 4303.292[A][1][b]). Therefore, we find the trial court did not err in relying upon this incident to affirm the commission's order.
 {¶ 11} Appellant raises no objection to the trial court's citation to the January 20, 2002 incident involving shots fired by the bar manager. In that incident, five patrons began to argue with the bartender over a miscalculated bar tab. The bartender claimed he was spit upon and punched, after which he retrieved a semi-automatic handgun from a refrigerator behind the bar. The bartender then shot three shots into the ceiling. Although the bartender's employment was immediately terminated, David Brown testified that the premises owner knew there was a gun in the bar and always kept one there. We find that the trial court did not abuse its discretion in finding this incident demonstrates a disregard for the law and is supportive of a conclusion that a substantial interference with public decency, sobriety, peace, and good order would result from the renewal of appellant's permit.
 {¶ 12} In addition, there was testimony and evidence presented that myriad police calls were made to appellant's bar in a two-year period. Appellant asserts that "only" 60 calls were attributed to its premises and points to other cases in which there were many more calls made to establishments. See, e.g., Nijmeh, Inc., supra (410 police calls in one year and eight months). We first note that this court has previously found evidence that police made 26 criminal-related calls to permit premises in a little over two years demonstrated that the permit holder operated the premises in a manner that disregarded the laws and regulations of the state. See Kilburns Lodge, Inc. v. Liquor ControlComm. (Mar. 25, 1993), Franklin App. No. 92AP-931. Notwithstanding, although the total number of police calls in the present case may be less than the number of calls in some other cases in which permits have not been issued or renewed, we agree with the trial court that the seriousness of the three-specific incidents discussed above is an appropriate factor to consider. The sheer volume of police calls cannot be the touchstone for determinations under R.C. 4303.292(A)(1)(b) and4303.292(A)(2)(c). The severity of the incidents underlying the police calls must also be considered relevant in order to gain a true understanding of the circumstances. Therefore, we find the trial court did not abuse its discretion in making its determination in this respect.
 {¶ 13} Appellant also argues that much of the evidence relied upon by the commission involved police calls and activity that happened outside the premises and had nothing to do with the bar. However, in numerous cases, this court has determined that a showing of good cause for non-renewal of a liquor permit can rest upon evidence of the deleterious effect the sale of liquor has upon the surrounding environment and law enforcement, regardless of the inside operation. See Marciano, supra;3M, Inc. v. Ohio Liquor Control Comm. (Jan. 25, 2001), Franklin App. No. 00AP-529; Nijmeh, Inc., supra; Ossie, Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 02AP-1209, 2003-Ohio-2729; Elbireh Empire, Inc.,
supra. In the present case, Detective Brown testified that many fights that start inside appellant's premises spill out to the surrounding area, there is a lot of loitering around the premises at late hours, large numbers of M M Grill patrons walk back and forth from the bar to adjacent parks and nearby businesses, and the bar causes a general disruptive atmosphere in the neighborhood. Further, 60 police calls over a two-year period certainly can be said to cause a strain on police resources. As the incidents cited by the commission and trial court demonstrated the deleterious effect appellant's sale of liquor had upon the surrounding environment, the commission and trial court properly relied upon evidence related to these incidents.
 {¶ 14} Therefore, we find the foregoing establishes good cause for denying renewal of appellant's liquor permit and supports the findings that: (1) appellant operated the permit business in a manner that demonstrates a disregard for the law pursuant to R.C. 4303.292(A)(1)(b); and (2) the location of the permit premises substantially interferes with public decency, sobriety, peace, or good order pursuant to R.C.4303.292(A)(2)(c). The record before the commission showed there were 60 police calls generated from the premises for many reasons, including numerous incidents involving thefts, assaults, identity thefts, and gun violence, many of which were directly related to the premises at issue. The record also showed appellant's liquor license had been suspended and forfeitures paid four times for underage alcohol sales, Sunday sales, and unsanitary conditions. For these reasons, appellant's assignment of error is overruled.
 {¶ 15} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., Bryant and French, JJ., concur.