OPINION
{¶ 1} Appellant 2971, Inc., d/b/a Shawntai's Lounge, appeals from the judgment of the Franklin County Court of Common Pleas, which affirmed appellee's administrative order denying the renewal of the appellant's liquor permit for 2003-2004. For the reasons that follow, we affirm.
 {¶ 2} The city of Columbus objected to appellant's application for renewal of its Class D5-6 liquor permit. The Ohio Department of Commerce, Division of Liquor Control ("division") conducted an administrative hearing regarding the application. By an order issued in November of 2003, the superintendent of the division rejected appellant's application for renewal of its liquor permit for: (1) "good cause" pursuant to R.C. 4303.271(A), 4301.10(A)(2) and Ohio Adm. Code4301:1-1-12(B), and (2) for the following violations of division (A) of R.C. 4303.292:
1. The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance of the permit and operation thereunder by the applicant. R.C. § 4303.292(A)(2)(c).
2. The applicant, any partner, member, officer, director, or manager thereof, has been convicted of a crime that relates to fitness to operate a liquor permit business. R.C. § 4303.292(A)(1)(a).
3. The applicant has misrepresented material facts on the application pending with the Division. R.C. § 4303.292(A)(1)(c).
 {¶ 3} Appellant appealed from the superintendent's order to the Liquor Control Commission ("commission"), which denied appellant's motion to stay execution of the superintendent's order and affirmed the order. Pursuant to R.C. 119.12, appellant then appealed to the Franklin County Court of Common Pleas. The common pleas court ultimately found that the commission's order was supported by reliable, probative, and substantial evidence and affirmed the commission's order.
 {¶ 4} Appellant appeals from the judgment of the common pleas court and assigns a single error for our consideration:
The trial court erred in affirming the decision of the Ohio Liquor Control Commission to affirm the order of the superintendent of the Ohio Division of the Liquor Control to deny the renewal of appellant's Ohio liquor permit.
 {¶ 5} On administrative appeal, R.C. 119.12 requires the common pleas court to determine whether an agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. BigBob's, Inc. v. Ohio Liquor Control Comm., 151 Ohio App.3d 498,2003-Ohio-418, at ¶ 13. The court of common pleas must weigh the credibility of the witnesses and assess the probative character of the evidence. Id. at ¶ 14. The court "must give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111. Nonetheless, the agency's findings are not conclusive. Id.
 {¶ 6} Upon appellate review, the standard of review is more limited.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied (1993), 67 Ohio St.3d 1439. Pons noted:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion,i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id. at 621. An appellant court's review of purely legal questions is plenary. Big Bob's, at ¶ 15.
 {¶ 7} Former R.C. 4303.271(A) provided that a person applying for renewal of a liquor permit was entitled to renewal unless the division rejects for "good cause." "Good cause rejection is not restricted to a clearly identifiable incident but, instead, the division may examine the cumulative effects of adverse environmental conditions, objections to renewal, the impact on police enforcement, and other relevant circumstances." 3M, Inc. v. Liquor Control Comm. (Jan. 25, 2001), Franklin App. No. 00AP-529; see, also, Harbi Abuzahrieh Co., Inc. v.Liquor Control Comm. (July 22, 1999), Cuyahoga App. No. 74556, appeal not allowed, 87 Ohio St.3d 1453 ("The courts have repeatedly held that the adverse effect on the neighborhood and law enforcement is one of the primary considerations in a `good cause' rejection."), citing Leo G.Keffalas, Inc. v. Ohio Liquor Control Comm. (1991), 74 Ohio App.3d 650, dismissed, jurisdictional motion overruled, 62 Ohio St.3d 1469, rehearing denied, 62 Ohio St.3d 1497; Appeal of Mendlowitz (1967),9 Ohio App.2d 83, 88; Buckeye Bar, Inc. v. Liquor Control Comm.
(1972), 32 Ohio App.2d 89, 91-92.
 {¶ 8} Former R.C. 4303.292 provided the grounds upon which the division might reject an application for renewal:
(A) The division of liquor control may refuse to * * * renew * * * any retail permit issued under this chapter if it finds:
(1) That the applicant * * * or manager thereof * * *
(a) Has been convicted at any time of a crime which relates to fitness to operate a liquor establishment;
* * *
(c) Has misrepresented a material fact in applying to the division for a permit; or
(2) That the place for which the permit is sought: * * *
(c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation thereunder by the applicant. * * *
 {¶ 9} When interpreting R.C. 4303.292(A)(2)(c), courts focus on the location of the liquor premises rather than the employees who operate the business. Marciano v. Ohio Liquor Control Comm., Franklin App. No. 02AP-943, 2003-Ohio-2023, at ¶ 28. The causation requirement for rejecting an application for renewal based on R.C. 4303.292(A)(2)(c) is "some connection between the permit premises and adverse effects upon the surrounding area." Marciano, at ¶ 29; see, also, Right Now Mini Market,Inc., v. Ohio Liquor Control Comm., Franklin App. No. 04AP-914, 2005-Ohio-1125, at ¶ 12. Thus, the commission need not demonstrate that the permit holder's actions were directly related to the conduct of its patrons. "Even if other influences have asserted a negative effect on the area, outside of appellant's control, this can only underline the importance to the city and the commission of maintaining strict compliance with liquor control laws in the vicinity." Harbi Abuzahrieh,
supra.
 {¶ 10} In the present case, on cross-examination Sergeant Ronald A. Jacobs of the city of Columbus, Division of Police testified that the area surrounding appellant's business has a higher propensity for violence than any other area of the city, particularly with respect to shootings. (Tr. 41.) He further testified that the sale of alcohol at appellant's premises contributed to criminal activity in the area. (Tr. 43, 65.)
 {¶ 11} The commission's evidence also demonstrates that numerous unlawful and violent acts were committed at or nearby appellant's bar. For example, in January of 2002, several people dragged a man onto the premises and proceeded to beat and rob him, leaving him with broken teeth. (Division Exhibit, at F3.) In May of 2002, a driver tried to run down three people in the bar's parking lot. (Division Exhibit, at F5.) In October of 2002, a bar patron and two other people were robbed at gunpoint in the bar's parking lot. (Division Exhibit, at F7, F8, F11.) And in December of 2002, a fight at the bar led to a reported assault. (Division Exhibit, at F24.)
 {¶ 12} Appellee's evidence also demonstrates that appellant's business has adverse effects on law enforcement. Sergeant Jacobs testified that a large portion of the police staff is regularly devoted to patrolling the area surrounding appellant's bar. (Tr. 39.) For example, in 2002 city police made only one dispatched run to appellant's bar for a reported shooting. (Division Exhibit, at E1.) But during the first five months of 2003, city police had made four dispatched runs to appellant's bar for shots fired. (Division Exhibit, at D2.) By the end of 2003, the bar's manager was shot twice and left paralyzed. (Division Exhibit, at K5, K6; Tr. 53.)
 {¶ 13} On Easter morning of 2003, Sergeant Jacobs was on patrol and responded to gunfire taking place at appellant's bar. Upon arriving at the scene, he witnessed gunshots being fired from two vehicles parked outside of the bar. Unidentified shooters inside the bar returned a number of gunshots. Although Sergeant Jacobs was pinned down behind a parked car during the gun battle, he was able to see "muzzle blast coming from the front of the establishment." (Tr. 48.) At least 30 gunshots were fired after Sergeant Jacobs arrived at the scene. (Division Exhibit, at J7.)
 {¶ 14} The foregoing establishes good cause for denying renewal of appellant's liquor permit and supports the findings that the location of the permit premises substantially interferes with public decency, sobriety, peace, or good order under R.C. 4303.292(A)(2)(c). See, e.g.,Jordan Carryout, Inc. v. Liquor Control Comm., Franklin App. No. 01AP-482, 2001-Ohio-4272, at ¶ 27 (finding that evidence of violent criminal activity in and around the permit premises is relevant under R.C. 4303.292[A][2][c]); M M Grill, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 04AP-1244, 2005-Ohio-2431, at ¶ 13-14 (holding that there was no abuse of discretion for the common pleas court to rely on evidence of the adverse effects of the premises and its patrons on law enforcement pursuant to R.C. 4303.292[A][2][c]). Therefore, the common pleas court did not abuse its discretion when relying on the foregoing incidents to affirm the commission's order.
 {¶ 15} Nonetheless, appellant argues that the court below abused its discretion when it affirmed the commission's order because the commission relied upon evidence that relates to years prior to the 2003 renewal year in question. Appellant also contends that the common pleas court abused its discretion because the commission relied on evidence of criminal activity near appellant's bar, even though a new liquor permit was issued to a business approximately one block away.
 {¶ 16} As for the introduction of evidence relating to before 2003, appellant did not raise this specific issue at the commission's hearing. Appellant objected to the introduction of police reports concerning incidents that took place after May of 2003. (Tr. 22.) Appellant also objected to the authenticity of the police reports. (Tr. 34.) However, appellee's witness testified about dispatched runs and reported incidents that took place in 2001-2002 without objection. (Tr. 18, 27.) Appellant also failed to object to evidence relating to an inspection that took place in July of 2001. (Tr. 13.) Therefore, the issue is waived on appeal. Loyal Order of Moose Lodge No. 1473 v. Ohio Liquor Control Comm.
(1994), 95 Ohio App.3d 109, 114.
 {¶ 17} Moreover, we conclude that the plain error doctrine does not apply in the present case. "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, paragraph one of the syllabus. This case does not present an extremely rare and exceptional circumstance that warrants the plain error doctrine. The basic fairness and integrity of the underlying judicial process is not affected by the agency's consideration of evidence prior to the renewal year in question. Therefore, the common pleas court and commission properly relied on evidence relating to incidents that took place before 2003.
 {¶ 18} Regarding the new liquor permit that was issued one block away from appellant's premises, this evidence was properly raised before and considered by the commission (Tr. 97-99), along with other evidence relating to the burden on law enforcement and the reported incidents that occurred at or near appellant's premises. Based upon our review, we cannot conclude that the common pleas court abused its discretion by finding that the commission's order was supported by reliable, probative, and substantial evidence.
 {¶ 19} Additionally, we note the record contains evidence to support the denial of appellant's application for renewal based on former R.C.4303.292(A)(1)(a), which permitted the division to deny an application for renewal if the manager has been convicted of a crime "at any time" that relates to "fitness to operate a liquor establishment." Notably, appellant's manager was convicted of carrying a loaded firearm in a motor vehicle. (Division Exhibit, at C-23.) Given the recent shootings that have occurred at or near appellant's premises, coupled with evidence that the manager was known to carry a gun on the premises (Tr. 54-55), we find evidence to support the commission's finding that the manager's convictions negatively reflected on his fitness to operate appellant's liquor establishment under former R.C. 4303.292(A)(1)(a), notwithstanding permit holder's testimony that he was unaware that the bar's manager had a criminal record. (Tr. 54.)
 {¶ 20} Accordingly, we conclude that the common pleas court did not abuse its discretion in affirming the commission's order. Appellant's sole assignment of error is overruled. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and McGrath, JJ., concur.