ASYLUM, INC., Appellant,

v.

LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *Asylum, Inc. v. Liquor Control Comm.*, 167 Ohio App.3d 498, 2006-Ohio-2679.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–1038.

Decided May 30, 2006.

Fawley & Associates, and Kurt O. Gearhiser, for appellant.

Jim Petro, Attorney General, and Stephen E. DeFrank, Jr., for appellee.

McGRATH, Judge.

{¶ 1} Appellant, Asylum, Inc., appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of the Ohio Liquor Control Commission, which denied appellant's application for renewal of its D–5–6 liquor permits for its nightclub located at 605 South Patterson Boulevard, Dayton, Ohio.

{¶ 2} Appellant's application for renewal, which was opposed by the city of Dayton, was rejected by the Department of Commerce, Division of Liquor Control, on February 4, 2003. In denying the application, the division found that the issuance of a liquor permit for that location would substantially interfere with the public decency, sobriety, peace, or good order of the neighborhood. The commission affirmed the division's application denial, and appellant appealed to the Franklin County Court of Common Pleas in accordance with R.C. 119.12. The trial court affirmed the commission's order. Appellant timely appealed and raises the following two assignments of error:

## ASSIGNMENT OF ERROR NO. I

The Franklin County Common Pleas Court erred when it affirmed the order of the Liquor Control Commission and found that the order was in accordance with law.

## ASSIGNMENT OF ERROR NO. II

The Franklin County Common Pleas Court erred when it affirmed the order of the Liquor Control Commission and found that the order was supported by reliable, probative and substantial evidence.

{¶ 3} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 4} Reliable, probative, and substantial evidence has been defined as follows:

\* \* \* "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. \* \* \* "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. \* \* \* "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.

{¶ 5} On appeal to this court, the standard of review is more limited. Unlike a court of common pleas, a court of appeals does not determine the weight of the evidence. *Bd. of Edn. of Rossford Exempted Village School Dist. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing the common pleas court's determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 680, 610 N.E.2d 562. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835.

{¶ 6} The division denied the renewal application because it found as follows:

The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace

or good order would result from the renewal of the permit and operation thereunder by the applicant. R.C. 4303.292(A)(2)(c).

{¶ 7} In rejecting appellant's renewal application, appellee relied on R.C. 4303.292, which provides:

(A) The division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds either of the following:

* * *

(2) That the place for which the permit is sought:

* * *

(c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation under it by the applicant[.]

{¶ 8} In its first assignment of error, appellant argues that the division should have rejected the city's objections to appellant's renewal application because the objections were untimely. Specifically, appellant argues that the city did not meet the 30–day filing requirement contained in R.C. 4303.271(B), which states:

The legislative authority of the municipal corporation, the board of township trustees, or the board of county commissioners of the county in which a permit premises is located may object to the renewal of a permit issued under sections 4303.11 to 4303.183 [4303.18.3] of the Revised Code for any of the reasons contained in division (A) of section 4303.292 [4303.29.2] of the Revised Code. Any objection shall be made no later than thirty days prior to the expiration of the permit, and the division shall accept the objection if it is postmarked no later than thirty days prior to the expiration of the permit. The objection shall be made by a resolution specifying the reasons for objecting to the renewal and requesting a hearing, but no objection shall be based upon noncompliance of the permit premises with local zoning regulations that prohibit the sale of beer or intoxicating liquor in an area zoned for commercial or industrial uses, for a permit premises that would otherwise qualify for a proper permit issued by the division.

{¶ 9} The city's objections were postmarked May 2, 2002, but according to appellant, the objections needed to be postmarked by May 1, 2002, in order for them to have been considered by the division. To the contrary, appellee contends that the city's objections were timely made.

{¶ 10} The trial court found that it was not necessary to engage in day counting because appellee's authority to reject a renewal application is not dependent upon an adequate objection by a legislative authority. In so finding,

the trial court relied on *Sowders v. Ohio Liquor Control Comm.* (Aug. 4, 2000), Montgomery App. No. 18173, 2000 WL 1063729, discretionary appeal not allowed by 4 Ohio St.3d 143, 4 OBR 386, 447 N.E.2d 118. In *Sowders*, the appellant Sowders argued that the Harrison Township Trustees' objection to Sowders's renewal application for a class D–5 liquor permit was not timely filed as required by R.C. 4303.271(B). The trial court declined to reach the question of whether or not the objections were timely filed, but instead found that the trustees had failed to specify the reasons for objection as required by R.C. 4303.271(B). Therefore, the trial court concluded that the objections should not be considered. However, the trial court went on to hold that even without the objection there was sufficient evidence presented for the commission to conclude that there was reliable, probative, and substantial evidence to support the commission's decision to deny the renewal application.

{¶ 11} On appeal, Sowders argued that because the objections were excluded, the objection hearing should not have even taken place. The appellate court stated:

Aside from rejecting Sowders' renewal application based upon the Trustees' objection, however, the Division rejected Sowders' renewal application for "good cause," an entirely different ground. Because the Division rejected Sowders' renewal application for an independent reason aside from the Trustees' objection, the trial court's exclusion of the Trustees' objection would not have precluded the Division from rejecting Sowders' application for "good cause." *Tiger Invest. of Columbus Inc. v. Ohio Liquor Control Comm.* (1982), 8 Ohio App.3d 316, 318[, 8 OBR 424], 457 N.E.2d 320, 323; *Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm.* (1991), 74 Ohio App.3d 650, 652, 600 N.E.2d 275, 276. Further, the Liquor Control Commission could have conducted its own investigation and called an evidentiary hearing without an objection from the Trustees to investigate whether "good cause" existed from the denial of Sowders' renewal application. See *Triplett Grille, Inc. v. Ohio Liquor Control Comm.* (Dec. 12, 1996), Franklin App. No. 95APE06–712, unreported[, 1996 WL 715472]. We understand that Sowders is arguing that because the Trustees' objection was not adequate, the objection hearing before the Liquor Control Commission should not have taken place, and thus all of the evidence from that hearing should have been excluded from consideration. We do not agree with such argument, however. R.C. 4303.271(A) provides that the Division can reject a renewal application for a reason independent of a legislative authority's objection to such renewal. Although the trial court found that the Trustees' objection, which triggered the objection hearing in this case, was inadequate, we do not believe that the law enforcement evidence which was presented at such hearing should have been excluded from consideration. We so conclude because the Division's authority to reject a renewal

application is not dependent upon an adequate objection by a legislative authority.

Id.

{¶ 12} As found by the trial court in the case before us, *Sowders* has been approved and followed by this court in *Ossie, Inc. v. Ohio State Liquor Control Comm.*, Franklin App. No. 02AP–1209, 2003–Ohio–2729, 2003 WL 21234925, and *Marciano v. Ohio Liquor Control Comm.*, Franklin App. No. 02AP–943, 2003–Ohio–2023, 2003 WL 1908247.

{¶ 13} In *Ossie*, the Cleveland City Council objected to the permit holder's renewal application, but withdrew its objections the day before the commission's hearing on the matter. On appeal, the permit holder argued that when the city withdrew its objections, good cause to deny renewal of the liquor permit no longer existed. In rejecting the permit holder's argument, this court, citing *Sowders*, stated, "Pursuant to R.C. 4303.271(A), a liquor permit renewal can be denied for reasons independent of a legislative authority's objections to such renewal." Id. at ¶ 20. This court found that the division did not deny the renewal application simply because the city objected to renewal of the liquor permit, but rather the division denied the renewal for good cause as established under R.C. 4303.292(A)(1)(b) and 4303.292(A)(2)(c). Finding that the grounds cited by the division for rejecting the renewal application were supported by reliable, probative, and substantial evidence, the court affirmed the judgment of the trial court.

{¶ 14} In *Marciano*, this court was faced with a similar scenario as that in *Ossie* when the city of Youngstown withdrew its objections to the permit holder's renewal application for a liquor permit prior to the commission's hearing on the matter. This court noted that the grounds on which the division may deny a liquor-permit renewal are set forth in R.C. 4303.292, and if any of the grounds the division cites for rejection are supported by reliable, probative, and substantial evidence, the commission's decision must be upheld. Id. at ¶ 19, citing *Maggiore v. Ohio Liquor Control Comm.* (Mar. 29, 1996), Franklin App. No. 95APE06–713, 1996 WL 367268. Again, citing *Sowders*, this court reiterated that pursuant to R.C. 4303.271(A), a liquor-permit renewal can be denied for reasons independent of a legislative authority's objection to the renewal.

{¶ 15} Appellant is arguing, as the appellant did in *Sowders*, that because of the inadequate objection, the hearing before the division should not have taken place, and the city should not have been able to present evidence in support of its objections. Like the court in *Sowders*, we do not agree with appellant's argument. Pursuant to R.C. 4303.271(A), the division can reject a renewal application for a reason independent of a legislative authority's objection to the renewal. Further, the commission could have conducted its own investigation and called for

an evidentiary hearing without any objection from the city. Therefore, we find that the trial court did not err in determining that it was not necessary to engage in day counting to determine whether or not the city's objections were timely because the division's authority to reject a renewal application is not dependent upon an adequate objection by a legislative authority.

{¶ 16} Accordingly, appellant's first assignment of error is overruled.

{¶ 17} In its second assignment of error, appellant argues that the trial court erred when it affirmed the order of the commission and found that the order was supported by reliable, probative, and substantial evidence. The permit-renewal application was rejected because the division, and ultimately the commission, found that the issuance of a liquor permit at the applied location would substantially interfere with the public decency, sobriety, peace, or good order of the neighborhood.

{¶ 18} The evidence presented by the division at the commission's hearing included the testimony of three Dayton police officers. While appellant admits that the testimony of all three officers indicated that Asylum was responsible for hundreds of police runs, appellant argues that the information and documents presented do not corroborate the testimony of the officers. Specifically, appellant takes issue with the division's exhibits and contends that despite the officers' testimony, the reports do not establish whether it was appellant, appellant's employees, patrons, or other individuals who were responsible for the incidents documented on exhibits showing the police dispatches to appellant's address. In support of its position, appellant relies on *Marsh v. Ohio Liquor Control Comm.*, Franklin County C.P. No. 95CVF08–5230, in which the trial court found that even though the division attempted to show that over 200 police runs had been made to a liquor establishment, when viewed more closely, the evidence did not relate to the permit premises. Appellant also relies on *Marwan, Inc. v. Ohio Liquor Control Comm.* (1994), 93 Ohio App.3d 229, 638 N.E.2d 135, and *Quaranta v. Liquor Control Comm.* (1983), 17 Ohio App.3d 156, 17 OBR 287, 478 N.E.2d 825, for the proposition that it is improper to consider the rowdiness and actions of patrons of a permit premises that are unrelated to the applicant's operation of the premises and sale of liquor.

{¶ 19} We find no merit to appellant's argument. Initially, we note that *Marsh* is a decision from a court of common pleas and is not binding on this court. Second, *Quaranta* was decided *prior to* the Ohio legislature's amendment to R.C. 4303.292(A)(2)(c), which now expressly provides that the division may refuse to renew any retail permit exclusively on the basis of environmental conditions and does not require that any control or fault be shown on the part of the permit holder. Further, when analyzing R.C. 4303.292(A)(2)(c), courts focus

on the location of the permit business, not on the person who operates the business. See *Kamm's Korner Tavern v. Liquor Control Comm.* (May 24, 2001), Franklin App. No. 00AP–1423, 2001 WL 548726 (distinguishing *Marwan* ). See, also, *Harbi Abuzahrieh & Co., Inc. v. Liquor Control Comm.* (July 22, 1999), Cuyahoga App. No. 74556, 1999 WL 528503.

{¶ 20} In fact, this court recently stated in *2971, Inc. v. Liquor Control Comm.,* Franklin App. No. 04AP–1188, 2005-Ohio-3372, 2005 WL 1532397, ¶ 9:

When interpreting R.C. 4303.292(A)(2)(c), courts focus on the location of the liquor premises rather than the employees who operate the business. *Marciano v. Ohio Liquor Control Comm.,* Franklin App. No. 02AP–943, 2003-Ohio-2023[, 2003 WL 1908247], at ¶ 28. The causation requirement for rejecting an application for renewal based on R.C. 4303.292(A)(2)(c) is "some connection between the permit premises and adverse effects upon the surrounding area." *Marciano,* at ¶ 29; see, also, *Right Now Mini Market, Inc., v. Ohio Liquor Control Comm.,* Franklin App. No. 04AP–914, 2005-Ohio-1125[, 2005 WL 590707], at ¶ 12. Thus, the commission need not demonstrate that the permit holder's actions were directly related to the conduct of its patrons. "Even if other influences have asserted a negative effect on the area, outside of appellant's control, this can only underline the importance to the city and the commission of maintaining strict compliance with liquor control laws in the vicinity." *Harbi Abuzahrieh,* supra.

{¶ 21} During the commission's hearing, Lieutenant Patrick Welsh of the Dayton Police Department testified about conduct that he has witnessed on or about the permit premises. Welsh described witnessing a sexual act between two males in the back doorway, damaged cars, "just about every kind of drug, weapons, [and] disorderly, drunk, out-of-control people." Welsh also described disturbances involving as many as 300 to 400 people at a time in the parking lot or in the immediate vicinity of the permit premises.

{¶ 22} When asked how many officers might be called to the permit premises, Welsh related that on Saturday nights a minimum of six to eight officers must be called to assist in disturbances and that as many as 20 officers have had to respond. Welsh also related that it is not uncommon to have to barricade the street and redirect traffic because of the people "taking over the street." Because of the coverage needed at the permit premises, Welsh testified that additional officers had to be pulled from various districts throughout the city.

{¶ 23} After testifying that he had feared for his safety and his life while at the permit premises, Welsh stated that when a canine handler is on duty, they take a dog out to help with crowd control, and that officers now have access to tasers as well. Additionally, Welsh stated that they have had "extremely violent, large crowds there" and that they have had officers with bean-bag shotguns come out.

{¶ 24} Officer Edmund Trick of the Dayton Police Department testified that he was assigned to the district where the permit premises is located from the time it opened until he left in 2003, but that he is called almost every Saturday night to assist at the permit premises. Trick described making numerous arrests and responding to numerous calls regarding assaults, property crimes, and drug offenses. Trick also described instances in which there were large disturbances involving 300 to 400 people out in the streets.

{¶ 25} Dayton Police Detective Michelle Moser testified and identified summaries of police logs and incident reports. Moser related that hundreds of police runs were made to the permit premises for calls on fights, shots fired, robberies, disorderly persons, assaults, and armed robberies.

{¶ 26} Given the officers' testimony, we cannot say that the trial court abused its discretion when it found that reliable, probative, and substantial evidence supported the commission's order to reject appellant's renewal applications for class D–5–6 liquor permits based upon R.C. 4303.292(A)(2)(c). See *2971, Inc.,* supra (finding that the trial court did not abuse its discretion in affirming the commission's denial of a renewal application for liquor permits when there was sufficient evidence of numerous unlawful and violent acts committed nearby and adverse effects on law enforcement); *M & M Grill, Inc. v. Ohio Liquor Control Comm.,* Franklin App. No. 04AP–1244, 2005-Ohio-2431, 2005 WL 1177922 (holding that there was no abuse of discretion for the trial court to rely on evidence of the adverse effects of the premises and its patrons on law enforcement pursuant to R.C. 4303.292(A)(2)(c)).

{¶ 27} Appellant attempts to focus this court's attention on the fact that for one of the calendar years at issue, only three misdemeanor convictions resulted, despite there being over 100 police runs made to the permit premises. This court has previously found that evidence of a high volume of police calls can cause a strain on police resources, regardless of whether there were resulting convictions. See *M & M Grill,* supra. We recognize that the sheer volume of police calls cannot be the touchstone for determinations under R.C. 4303.292(A)(2)(c), but the severity of the incidents underlying the police calls must also be considered relevant. See id. Here, substantial evidence was presented by three members of the city's police force regarding the permit premises' adverse effect on the surrounding area, as well as the additional strain it put on police resources. The record before the commission amply supports a finding that the location of the permit premises substantially interferes with public decency, sobriety, peace, or good order pursuant to R.C. 4303.292(A)(2)(c). Thus, the evidence reveals that the trial court did not abuse its discretion in finding the commission's decision to be supported by reliable, probative, and substantial evidence and to be in accordance with the law.

508

{¶ 28} Accordingly, appellant's second assignment of error is overruled.

{¶ 29} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

PETREE, J., concurs.

BOWMAN, J., concurs in judgment only.