OPINION
{¶ 1} Defendants-appellants, Stephanie and Christopher Hansford, appeal from a judgment of the Franklin County Court of Common Pleas, Probate Division, declaring the ownership of certain property. Because that judgment was supported by sufficient evidence and was not against the manifest weight of the evidence, we affirm.
 {¶ 2} Plaintiff-appellee, Marilyn Howard, dated Jean Hansford for the past ten years. They were engaged to be married when Mr. Hansford unexpectedly passed away. After his death, appellee requested from the appellants, Mr. Hansford's children, the return of certain personal property from Mr. Hansford's home. The property consisted of items that belonged to appellee but were in Mr. Hansford's home when he passed away ("Group 1") and other items appellee gave to Mr. Howard over the years which had significant sentimental value to her ("Group 2"). Appellants did not return any of the property to appellee. As a result, appellee filed a complaint for declaratory judgment requesting the return of the aforementioned personal property and a declaration that a 1996 Volkswagen Golf GTI Mr. Hansford purchased was a gift to her and not part of his estate. After a hearing, the trial court declared that appellee owned the personal property in Group 1 and that it should be returned to her. The trial court further determined that, while it would be a compassionate and humanitarian gesture for the appellants to also return the property in Group 2, those items were gifts to Mr. Hansford and, therefore, assets of his estate. The trial court also declared that the car was a gift to appellee and not part of Mr. Hansford's estate, notwithstanding the fact that the car's certificate of title was issued to Mr. Hansford.
 {¶ 3} Appellants appeal, assigning the following errors:
First Assignment of Error: The trial court erred by finding that the 1996 Volkswagen Golf GTI automobile was the property of Appellee in contravention of the certificate of title that named decedent as the owner.
Second Assignment of Error: The trial court's judgment is against the manifest weight of the evidence.
 {¶ 4} In their first assignment of error, appellants contend that insufficient evidence supported the trial court's declaration that the Golf GTI was a gift to appellee. The standard for reviewing the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict.Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525,530. Thus, this court must determine if appellants are entitled to judgment as a matter of law, when the evidence is construed most strongly in favor of appellee. Id.; see, also, Collins v.The Ohio State University College of Dentistry (June 27, 1996), Franklin App. No. 96API02-192.
 {¶ 5} The essential elements of an inter vivos gift are: "(1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there, and (2) in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion, and control over it."Bolles v. Toledo Trust Co. (1936), 132 Ohio St. 21, paragraph one of the syllabus; Weilbacher v. Weilbacher (Apr. 17, 1997), Franklin App. No. 96AP-879. Appellee must prove an inter vivos gift by clear and convincing evidence. In re Fife's Estate
(1956), 164 Ohio St. 449, 456; Bolles, supra, at paragraph two of the syllabus. Clear and convincing evidence requires that the proof "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 6} Appellants contend that Mr. Hansford could not, as a matter of law, relinquish ownership, dominion, and control over the car because the car's certificate of title was still in Mr. Hansford's name at the time of his death. We disagree, as the certificate of title does not definitively determine the ownership of the car under these circumstances.
 {¶ 7} Appellants rely heavily upon R.C. 4505.04(A) in support of their argument. R.C. 4505.04(A) prevents any person acquiring a car from its owner from acquiring any right, title, claim, or interest in the car until that person is issued a certificate of title to the car. However, that statute is "irrelevant to all issues of ownership except those regarding the importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership."Smith v. Nationwide Mut. Ins. Co. (1988), 37 Ohio St.3d 150,153. Smith involved the sale of a car and held that the Uniform Commercial Code, not R.C. 4505.04, determined ownership of a car for purposes of determining insurance coverage in case of an accident. Id. The court in Smith found that the plaintiff was the owner of the car, even though he did not have a properly notarized certificate of title to the car.
 {¶ 8} Although Smith involved the sale of a car, its reasoning has been extended to disputes over ownership of a gift for purposes of determining insurance coverage after an accident.Abney v. Western Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424,428. In Abney, the Stephenses received a boat as a gift but received a blank certificate of title. Notwithstanding the fact that the Stephenses did not receive a proper certificate of title, the Abney court found that the boat was a valid gift to them and that they were the owners of the boat. Id. at 428-429.
 {¶ 9} Similarly, in State v. Wegmiller (1993),88 Ohio App.3d 68, 72, a father bought a car for his son. Although the son picked the color of the car, was the only person to drive the car and always stated that it was his car, the title stayed in the father's name to take advantage of his reduced insurance rates. The Wegmiller court concluded that the father gifted the car to his son, even though the father maintained the title in his name. Id. at 72.
 {¶ 10} Both Abney and Wegmiller stand for the proposition that the certificate of title does not definitively determine the ownership of a gifted car.
 {¶ 11} In the case at bar, appellee testified that after she sold her former car, Mr. Hansford wanted to buy her a new car as a gift. She thought that a car was too extravagant but allowed him to buy it for her as a combined birthday/Christmas/wedding gift. The two went shopping and Mr. Hansford ultimately purchased the car appellee selected. Appellee testified that Mr. Hansford did not test drive the car prior to the purchase, nor did he ever drive the car after it was purchased. He always referred to it as her car and appellee assumed that the car was titled in her name. However, Adrian Walters, the salesperson who sold the car, testified that while Mr. Hansford wanted to title the car in appellee's name, he had to title the car in his name because he financed the purchase of the car. Ms. Walters explained that appellee's name could not be on the title if her name was not listed on the loan. It was Ms. Walters' understanding that Mr. Hansford bought the car as a gift for appellee. Two of appellee's friends also testified that it was their understanding the car was a gift from Mr. Hansford to appellee. This evidence, construed most strongly in appellee's favor, was sufficient for the trial court to find that Mr. Hansford gave the car to appellee as a gift, notwithstanding the fact that the car was never titled in appellee's name. Therefore, appellants' first assignment of error is overruled.
 {¶ 12} Appellants contend in their second assignment of error that the trial court's judgment was against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77; C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279.
 {¶ 13} Appellants first argue that the trial court's decision that appellee owned the personal property in Group 1 was against the manifest weight of the evidence. We disagree. Appellee testified that all of the property in Group 1 was hers even though this property was in Mr. Hansford's home when he passed away. She testified that she never gave these items to Mr. Hansford as gifts. Appellants assert that appellee failed to present any evidence to corroborate her ownership of this property other than her own testimony. We agree that the only evidence appellee presented to prove that she owned this property was her own testimony. Nevertheless, there was no evidence presented which conflicted with her testimony. Under these circumstances, appellee's unrebutted testimony is competent and credible evidence to prove she owned the personal property in Group 1.
 {¶ 14} Finally, appellants argue that the manifest weight of the evidence did not prove that the Golf GTI was a gift because the car was titled to Mr. Hansford at the time of his death. Again, we disagree. Although Mr. Hansford purchased the car and titled it in his name, appellee picked out the car and was the only one to drive it. She testified that the car was a gift from Mr. Hansford, and the car salesperson and two of appellee's friends testified that they believed the car was a gift to appellee. The only reason the car was not titled in appellee's name was because Mr. Hansford financed the purchase of the car. Given this testimony, it was not against the manifest weight of the evidence for the trial court to determine that Mr. Hansford gave the car to appellee as a gift, even though his name remained on the certificate of title. Wegmiller, supra.
 {¶ 15} Because the trial court's judgment concerning the Golf GTI and the personal property in Group 1 was not against the manifest weight of the evidence, appellants' second assignment of error is overruled.
 {¶ 16} In conclusion, appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
Petree and Watson, JJ., concur.