OPINION
{¶ 1} Defendant-appellant, Charles H. Hall, appeals from a judgment of the Franklin County Court of Common Pleas rendered in favor of appellee, Motorists Mutual Insurance Company ("Motorists"). For the following reasons, we affirm.
 {¶ 2} Defendant rented property in Columbus, Ohio, from his father, Warren H. Hall. In June 2000, a fire occurred at the rental property that caused extensive damage to the premises. Shortly before the fire erupted, defendant was in the kitchen heating shortening on a gas cooking stove. He went outside and left the lighted stove unattended. Upon returning, defendant found the premises on fire.
 {¶ 3} At the time of the fire, Warren Hall and Clarence Hall had an insurance policy with Motorists that covered against losses by fire and other casualties. Motorists paid the insureds $69,936.43 for property damage and loss of rental income. Motorists then brought a subrogation claim against defendant, alleging that defendant negligently damaged the leased premises in breach of his duties as a tenant pursuant to R.C.5321.05(A)(6). This case originally was filed under common pleas case no. 01CVC-10-10097. Pursuant to Civ.R. 41(A)(1)(a), however, Motorists voluntarily dismissed the case without prejudice and then re-filed the matter in the Franklin County Court of Common Pleas.
 {¶ 4} Acting pro se, defendant filed a motion for summary judgment. The common pleas court denied this motion and proceeded to trial. After a bench trial, the court found in favor of Motorists for $69,936.43, plus costs and interest from the date of judgment. From this judgment, defendant appeals and assigns the following three errors:
[I.] The trial court erred in the doctrine of subrogation of rights for Fire Insurance [sic] the courts [sic] did not ask for evidence that assign rights [sic] to Plaintiff.
[II.] The trial court erred in not recognizing oral [sic] agreement/contract between tenant and landlord.
[III.] The trial court erred when it elected to proceed with the trial that was a refilled [sic] action and decide case without all the merits.
 {¶ 5} In his first assignment of error, defendant essentially argues that there was insufficient evidence to support the trial court's determination that Motorists had subrogation rights against defendant.
 {¶ 6} The appellate standard for reviewing the sufficiency of the evidence is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict.Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525,530. Under this standard, an appellate court must determine whether appellant is entitled to a judgment as a matter of law when the evidence is construed most strongly in appellee's favor.Howard v. Himmelrick, Franklin App. No. 03AP-1034, 2004-Ohio-3309, at ¶ 4, citing Easley, at 530. "In other words, is the verdict one which could reasonably be reached from the evidence?" Easley, at 530.
 {¶ 7} "`Subrogation,' in its broadest sense, is the substitution of one person in the place of another with reference to a lawful claim or right." Fed. Home Loan Mtge. Corp. v.Moore (Sept. 27, 1990), Franklin App. No. 90AP-546, appeal dismissed (1991), 57 Ohio St.3d 719, citing Fed. Union Life Ins.Co. v. Deutsch (1934), 127 Ohio St. 505, 510. In Ohio, a valid subrogation claim may be based on the principles of legal (or equitable) subrogation, conventional subrogation and statutory subrogation. Blue Cross Blue Shield Mut. of Ohio v. Hrenko
(1995), 72 Ohio St.3d 120, 121; Moore, supra. The Supreme Court of Ohio stated:
* * * Legal subrogation arises by operation of law and applies when one person is subrogated to certain rights of another so that the person is substituted in the place of the other and succeeds to the rights of the other person. Statutory subrogation is a right that exists only against a wrongdoer. Conventional subrogation is premised on the contractual obligations of the parties, either express or implied. The focus of conventional subrogation is the agreement of the parties.
Hrenko, at 121 (citations omitted). While conventional subrogation is premised on the contractual obligations of the parties, equitable subrogation "arises when there is no agreement creating a contractual obligation to subrogate." Tower CityTitle Agency, LLC v. Flaisman (Apr. 20, 2001), Lake App. No. 2000-L-070, citing Moore, supra.
 {¶ 8} Equitable subrogation entitles an insurer to all the rights and remedies of the insured against a third party if: (1) the insurer indemnifies the insured for a loss occasioned by the third party; and (2) the loss is covered by the insurance policy.Michigan Millers Mut. Ins. Co. v. Christian,153 Ohio App.3d 299, 2003-Ohio-2455, at ¶ 35; Tom Harrison Tennis Ctr., Ltd. v.Indoor Courts of Am., Inc., Warren App. No. CA2002-03-034, 2002-Ohio-7150, at ¶ 13. "This is of the highest equity; for whereas the loss is, in the first instance, that of the assured, after reimbursement or compensation, it becomes the loss of the insurer." Newcomb v. Cincinnati Ins. Co. (1872),22 Ohio St. 382, 387.
 {¶ 9} In the present case, Motorists paid the insureds $69,936.43 for damages and loss of rental income due to the fire. (Tr. 4, 6, 8-10.) The evidence supports the trial court's determination that defendant negligently caused the fire through his inattentiveness. After having indemnified the insureds, Motorists stepped into the shoes of the insureds and succeeded to their right to sue defendant for damages. Although the insurance agreement between Motorists and the insureds did not specifically assign Motorists the right to subrogate, subrogation can take place by operation of law when an insurance company pays an insured's claim of loss due to another's wrongdoing. Christian,
at ¶ 35. Thus, Motorists may properly assert its subrogation rights and recover damages caused by defendant's negligence.
 {¶ 10} Moreover, to the extent defendant's first assignment of error asserts that the trial court's decision was against the manifest weight of the evidence, we do not find such argument well-taken. Based upon our review, we find some competent, credible evidence to support the trial court's determination that Motorists had subrogation rights. See C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus (holding that "[j]udgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence").
 {¶ 11} Therefore, defendant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, defendant essentially contends the trial court's determination that defendant and his landlord did not make an oral agreement to limit defendant's liability for damages is against the manifest weight of the evidence.
 {¶ 13} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co., supra, at syllabus. Furthermore, "a court of appeals [must] be guided by a presumption that the findings of the trier-of-fact were indeed correct." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80; see, also, State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Appellate courts give deference to trial court's findings of fact because the trial judge is in a better position to observe the witnesses, view their demeanor, and use these observations to weigh the credibility of witness testimony. Seasons Coal, at 80. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id.
 {¶ 14} At trial, defendant had the burden of establishing the existence of the oral agreement with his landlord to limit his liability in the event of a casualty. See Lynd v. Sandy BeaverValley Farmers Mut. Ins. Co. (1957), 103 Ohio App. 408, 411. ("The burden of establishing the contract and the terms thereof is upon the person who asserts the agreement.") However, on cross-examination, the landlord testified that he did not make such agreement with defendant. (Tr. 32-33.) Here, the trial court, as the trier of fact, was in the best position to judge the credibility of this witness's testimony. Based upon our review, the landlord's testimony, if believed by the trial court, constitutes some competent credible evidence to support the trial court's determination regarding whether an oral agreement existed.
 {¶ 15} Moreover, whether there was an oral agreement to limit defendant's liability has no bearing on whether Motorists has a valid subrogation claim against defendant.
 {¶ 16} Accordingly, defendant's second assignment of error is overruled.
 {¶ 17} In his third assignment of error, defendant argues the trial court erred in deciding the case because Motorists did not comply with Loc.R. 31 of the Franklin County Court of Common Pleas, General Division. Pursuant to Loc.R. 31.01, if a case has been dismissed and then re-filed, counsel must specify that the case has been previously filed and the trial judge to whom the case was previously assigned shall be assigned to the re-filed case.
 {¶ 18} "[M]ere proof of a procedural violation by itself is insufficient to warrant judicial relief. Pursuant to Civ.R. 61 and R.C. 2309.59, the courts of this state will ignore `harmless' errors which do not affect the substantial rights of parties."Rickel v. Cloverleaf Loc. School Dist. Bd. of Edn. (1992),79 Ohio App.3d 810, 815, jurisdictional motion overruled,65 Ohio St.3d 1421, rehearing denied, 65 Ohio St.3d 1459.
 {¶ 19} To determine whether an error affected a substantial right of a party, the reviewing court must weigh the prejudicial effect of the error and decide whether the fact finder would probably have reached the same decision but for the error taking place. Hallworth v. Republic Steel Corp. (1950),153 Ohio St. 349, paragraph three of the syllabus.
 {¶ 20} Despite Motorists' oversight, we cannot conclude that the trial judge would have rendered a different decision had the error not taken place. In the present case, the trial court was aware that this case was previously filed as case No. 01CVC-10-10097. Before trial, defendant was afforded discovery of all of the relevant facts of the case. At trial, the court provided defendant an opportunity to present evidence to support his case. Accordingly, based on the facts and circumstances of this case, we cannot conclude that Motorists' noncompliance with the local rule affected defendant's substantial rights. Any error, if it did occur, was harmless.
 {¶ 21} Moreover, at trial, defendant failed to object to Motorists' noncompliance with the local rule. A reviewing court need not consider any claim that the lower court committed a particular error if that claim was not preserved by objection, ruling, or otherwise in that court. Loyal Order of Moose LodgeNo. 1473 v. Liquor Control Comm. (1994), 95 Ohio App.3d 109,114. Defendant waived this claim of error by not raising it at trial. Furthermore, based on our review, we cannot conclude that plain error exists under the facts and circumstances of this case. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus (holding that "[i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare cases involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself").
 {¶ 22} Therefore, defendant's third assignment of error is overruled.
 {¶ 23} Based on the foregoing reasons, defendant's three assignments of errors are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McGrath and McCormac, JJ. concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.