OPINION
{¶ 1} Appellant, Kurt Thomas, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, entered on February 7, 2005, adopting the January 31, 2005 magistrate's decision. The magistrate held that appellant did not prove his claim of breach of contract by a preponderance of the evidence. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On or about October 4, 2003, appellant placed an advertisement in the Columbus Dispatch for the sale of his 1999 Lincoln Town Car. The advertisement stated the vehicle had belonged to one owner, was in excellent condition, had been driven for approximately 35,600 miles, and would be sold for a price of $13,500.
 {¶ 3} Appellee and his wife called that same day regarding the ad and went to inspect the car. After a test drive, the parties discussed some previous damage to the car and came to an agreement that the price of the vehicle would be $13,500 minus some unspecified amount to repair the damage. The parties were to agree on a final price after securing estimates of repair.
 {¶ 4} Appellee's wife provided appellant with a check for $300. The memo line of that check stated "down payment on Lincoln." Appellant believed the check was an indication that the parties had reached a firm agreement on the sale of the car. Appellee believed the check was for appellant to hold the car until the parties could obtain estimates for the repairs and negotiate a final price. No part of the proposed agreement was reduced to writing.
 {¶ 5} Thereafter, appellant obtained estimates of repair from Nationwide Insurance Company in the amount of $603.29. Appellee obtained estimates from a local car dealership in the amount $1,800. Each party proposed reducing the $13,500 amount by the amount of the estimate. The parties were unable to reach a final agreement for the sale of the car, and appellee and his wife stopped payment on the $300 check.
 {¶ 6} On October 4, 2003, believing he had an agreement to sell the Town Car, appellant entered into a contract for the purchase of a new car. Appellant needed the sale proceeds from the Town Car to fund his new car purchase. When the parties were later unable to agree upon a price, appellant traded the Town Car to the dealer for $10,675.
 {¶ 7} Appellant filed suit to obtain the difference between the trade-in price and the amount he expected to receive from the private sale. Both parties appeared pro se for trial before the magistrate. After hearing all evidence, the magistrate found appellant did not prove by a preponderance of the evidence that a contract existed. The magistrate reasoned that the parties failed to come to a meeting of the minds on the essential terms of the contract, namely price. No objections were filed to that decision. Thereafter, the trial court adopted the magistrate's decision and dismissed appellant's complaint with prejudice. Appellant contends the trial court's decision adopting the magistrate's decision was in error.
 {¶ 8} Appellant asserts one assignment of error:
THE FRANKLIN COUNTY MUNICIPAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING JUDGMENT IN FAVOR OF APPELLEE AND DISMISSING APPELLANT'S CLAIM.
 {¶ 9} Appellant argues that the magistrate erred as a matter of law when he found both that "the parties agreed that the sale price of the car would be $13,500.00 minus some unspecified amount for the repairs" and that the parties never had an agreement on a firm price for the car. Appellant contends the two findings are inapposite to each other and to well-settled Ohio law. In appellant's view, the magistrate or the court should have fashioned a reasonable amount for the repairs rather than finding no agreement had been made. Appellant asserts the trial court erred in failing to correct the magistrate's mistake pursuant to Civ.R. 53(E)(4)(a).
 {¶ 10} First, we must sua sponte address the topic of waiver. Typically, this court need not consider any claim regarding a particular error if that claim was not preserved by objection, ruling, or otherwise in the trial court. Motorists Mut. Ins. Co. v. Hall, Franklin App. No. 04AP-1256, 2005-Ohio-3811. In this case, appellant failed to object to the magistrate's decision in the trial court. We must consider whether that failure now bars appellant from seeking relief upon appeal.
 {¶ 11} Civ.R. 1(A) provides that the civil rules must be followed in all courts of this state in the exercise of all civil jurisdiction, at law or in equity. Subpart (C) of that rule provides an exception for small claims matters under Chapter 1925; however, that exception applies only when the rules would "by their nature be clearly inapplicable." R.C. 1925.16 expressly states that, unless inconsistent procedures are provided in R.C. Chapter 1925 or adopted by the court in furtherance of the purpose of that chapter, all proceedings in small claims court are subject to the Ohio Rules of Civil Procedure.
 {¶ 12} Proceedings before magistrates are governed by Civ.R. 53. The nature of the rule is not clearly inapplicable to small claims matters and R.C. Chapter 1925 contains nothing inconsistent with the rule. Additionally, M.C. Supp.R. 7.03 requires parties to follow Civ.R. 53(E)(3) with regard to objections to the magistrate's decisions. Consequently, appellant was required to comply with the requirements of Civ.R. 53(E)(3).
 {¶ 13} Civ.R. 53(E)(3) addresses objections to magistrate decisions. Subpart (a) requires all objections to be filed within 14 days after the magistrate's decision is filed. Subpart (d) provides: "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Appellant admits he did not file any objections.[1]
 {¶ 14} Further, the Ohio Supreme Court has held that a party's failure to object to a magistrate's decision bars that party from appealing said decision. In State ex rel. Wilson v. Indus. Comm., 100 Ohio St.3d 23,2003-Ohio-4832, the appellant appealed this court's adoption of the magistrate's decision recommending denial of the requested writ of mandamus. The Supreme Court of Ohio held at ¶ 4:
Appellant's arguments derive directly from the conclusions of law provided in the magistrate's decision. Appellant, however, did not timely object to those conclusions as Civ.R. 53(E)(3)(a) requires. Thus, pursuant to Civ.R. 53(E)(3)(b) and State ex rel. Booher v. Honda of Am.Mfg., Inc. (2000), 88 Ohio St.3d 52, 2000 Ohio 269, 723 N.E.2d 571, we can proceed no further.
Under the plain language of the rule and applicable case law, appellant is barred from asserting error in the magistrate's decision or in the adoption of that decision by the trial court.
 {¶ 15} Appellant argues that while waiver ordinarily bars appeal, this court can still review the trial court's failure to independently correct the error of law apparent on the face of the magistrate's decision. Appellant advocates the court used the plain error doctrine.
 {¶ 16} In some circumstances, the plain error doctrine can allow a court to address an issue that was otherwise waived. However, the doctrine's application is limited to exceptional circumstances. The Supreme Court of Ohio has held:
In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, paragraph one of the syllabus. The court went on to hold:
While invocation of the plain error doctrine is often justified in order to promote public confidence in the judicial process, `[it is doubtful that] the public's confidence in the jury system is undermined by requiring parties to live with the results of errors that they invited, even if the errors go to "crucial matters."' * * * Moreover, the determination of a miscarriage of justice is often subjective. Litigants whose cases have been thwarted by statutes of limitations or whose appeals have been dismissed for failure to timely file a notice of appeal may believe they have suffered a miscarriage of justice. Nevertheless, it is well established that failure to follow procedural rules can result in forfeiture of rights.
Id. at 121-122.
 {¶ 17} This court has repeatedly followed Goldfuss and held that the plain error doctrine has very limited use in civil litigation. For example, in Hall, we found that appellant had waived any violation of C.P. Supp.R. 31 when he failed to raise the issue before the trial court. Quoting the Goldfuss standard, we held the circumstances were not sufficiently extreme, rare, or exceptional to grant relief under the plain error doctrine. See, also, 2971, Inc. v. Liquor Control Comm.,
Franklin App. No. 04AP-1188, 2005-Ohio-3372, (failure to object to evidence equaled waiver; circumstances insufficient for plain error); Inre Moore, Franklin App. No. 04AP-299, 2005-Ohio-747, ¶ 8-9 (failure to object to magistrate's decision equaled waiver; circumstances insufficient for plain error).
 {¶ 18} A review of the record now before us does not support a claim of plain error.[2] Even if we were to assume the magistrate was in error in his decision, the circumstances of this case do not show the decision "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss, supra.
 {¶ 19} Appellant had the opportunity to obtain counsel to represent him at the trial level. Appellant chose to proceed without counsel. His failure to object to the magistrate's decision is fatal to his claim.
 {¶ 20} Appellant's assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] Appellant contends he could not comply with the 14-day requirement because he was at his Florida home rather than his Columbus, Ohio home at the time the decision was issued. The court timely mailed the decision to appellant's Ohio home. Pro se litigants have a responsibility to keep the court appraised of any change of address. Investors Reit One v. Fortman
(Jan. 16, 2001), Franklin App. No. 00AP-195. Appellant failed to do so. Therefore, appellant's failure to receive and object to the decision is attributable solely to appellant.
[2] No transcript was filed in this case.